# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

ADAM B. SHOULTS                                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 5:17-CV-P150-GNS

RANDY WHITE *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Adam B. Shoults leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow Plaintiff to amend his complaint.

## I.

Plaintiff is an inmate at Kentucky State Penitentiary (KSP). In his complaint, he names the following KSP officials as Defendants –Warden Randy Smith, in both his individual and official capacities; Unit Administrator Troy Belt, in both his individual and official capacities; Sergeant Brandon English, in his official capacity only; Lieutenant Jesse Coombs, in both his individual and official capacities; Correctional Officer Michael Pillion, in his official capacity only; and Sergeant James Smith, in his official capacity only.

Plaintiff first alleges that on August 2, 2017, he was waiting outside of his cell for "outside recreation" in "cuffs and shackles." He states that all the inmates going to recreation had been placed in restraints by staff. Plaintiff then alleges that another inmate "hit him in the face area with closed fists several times & hit me on my jaw area with the handcuffs dangling at his hands." Plaintiff states that "staff did not place this inmate in his handcuffs correctly and which these are the same staff's I have a current lawsuit on in Lyon County Courthouse

(Case # 17-CI-00056) . . . ." Plaintiff states that this inmate "should never have come out of his restraints to assault me, but he did & staff has placed my life in danger by this inmate doing so. My Eighth Amendment is in violation." Plaintiff continues: "Now they have me stuck in the hole – buried inside this segregation where they can duly retaliate against me & keep me here at Eddyville Prison. I'm being treated unfairly and I fear for my safety. Guards are using inmates to get me. And I'm being kept in the segregation unit . . . for retaliation." Plaintiff then states the he has been in the "hole" for over three years even though, pursuant to institution policy, he should have been eligible for a "time cut" because he has served "over 50% of his segregation time."

As relief, Plaintiff seeks to be released from segregation.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

2

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

3

As written, Plaintiff's complaint fails to state a claim upon which relief may be granted because Plaintiff fails to specify what action each Defendant took in relation to the allegations set forth in his complaint. *See Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). However, the Court will give Plaintiff the opportunity to amend his complaint to avoid dismissal. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

Accordingly, **IT IS HEREBY ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint which describes how each Defendant took actions that allegedly caused the deprivation of his constitutional rights. Plaintiff should also indicate whether he intends to sue these individuals in their individual (as well as official) capacities and whether he seeks any other forms of relief.[1]**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

---

[1] As indicated above, in his complaint, Plaintiff sues some Defendants in their official capacities only. He also seeks injunctive relief only.

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption.

Date: December 7, 2017

                                                 **Greg N. Stivers, Judge**
                                               **United States District Court**

cc: Plaintiff, *pro se*
4415.011