# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

ADAM B. SHOULTS                                                                              PLAINTIFF

v.                                                 CIVIL ACTION NO. 5:17-CV-P150-GNS

RANDY WHITE *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Adam B. Shoults leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I.

Plaintiff is an inmate at Kentucky State Penitentiary (KSP). Plaintiff initiated this action on September 13, 2017, by filing a complaint against five KSP officials. On December 7, 2017, the Court conducted its first screening of the complaint and directed Plaintiff to file an amended complaint to clarify in what capacities he sought to sue each Defendant and what claims he sought to bring against each Defendant (DN 9). Plaintiff filed an amended complaint on January 8, 2018 (DN 10). The following summary is based upon a combined reading of the complaint and amended complaint.

Plaintiff names the following KSP officials as Defendants –Warden Randy White, in both his individual and official capacities; Unit Administrator Troy Belt, in both his individual and official capacities; Sergeant Brandon English, in both his individual and official capacities; Lieutenant Jesse Coombs, in both his individual and official capacities; Correctional Officer

Michael Pillion, in his official capacity only; and Sergeant James Smith, in his official capacity only.

In the complaint, Plaintiff first alleges that on August 2, 2017, he was waiting outside of his cell for "outside recreation" in "cuffs and shackles." He states that all the inmates going to recreation had been placed in restraints by staff. Plaintiff then alleges that another inmate "hit him in the face area with closed fists several times & hit me on my jaw area with the handcuffs dangling at his hands." Plaintiff states that "staff did not place this inmate in his handcuffs correctly and which these are the same staff's I have a current lawsuit on in Lyon County Courthouse (Case # 17-CI-00056) . . . ." Plaintiff states that this inmate "should never have come out of his restraints to assault me, but he did & staff has placed my life in danger by this inmate doing so. My Eighth Amendment is in violation." Plaintiff continues: "Now they have me stuck in the hole – buried inside this segregation where they can duly retaliate against me & keep me here at Eddvyille Prison. I'm being treated unfairly and I fear for my safety. Guards are using inmates to get me. And I'm being kept in the segregation unit . . . for retaliation." Plaintiff then states the he has been in the "hole" for over three years even though, pursuant to institution policy, he should have been eligible for a "time cut" because he has served "over 50% of his segregation time."

In his amended complaint, Plaintiff writes as follows:

All Defendants have violated inmate rights – due to placing inmate in harms way & setting up an inmate to get physical with [Plaintiff] – all due to inmate filing a civil action against staff at [KSP]. Another inmate was not placed in his restraints correctly and was giving the go & hit [Plaintiff] several times with a closed fist which put inmate in harm's way. Correctional officers fail to do their jobs & their duty to protect [Plaintiff] and inmate was treated unfairly by staff clearly seeked revenge against [Plaintiff] for suing staff at KSP.

As relief, Plaintiff seeks compensatory damages and to be released from segregation.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff has sued every Defendant in his official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, he fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to

claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, the Court will dismiss Plaintiff's official-capacity claims for monetary damages for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

However, Plaintiff also seeks injunctive relief in the form of release from segregation. The Court will allow this claim to proceed because it could theoretically trigger the exception to the Eleventh Amendment under the fiction created by *Ex Parte Young*, 209 U.S. 123 (1908), where a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002).

### B. Individual-Capacity Claims

Plaintiff has sued Defendants Warden White, Belt, English, and Coombs in their individual capacities. In its prior Memorandum Opinion and Order, the Court directed Plaintiff to file an amended complaint in which he clarified what actions each Defendant took in relation to his allegations he had set forth in his complaint. Based upon a combined reading of Plaintiff's complaint and amended complaint, the Court is satisfied that Plaintiff intended to sue these four Defendants in their individual capacities for failure to protect him from another inmate and retaliation. Thus, the Court will allow these claims to proceed.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the claims the Court has allowed to proceed.

Date: January 31, 2018

                                                **Greg N. Stivers, Judge**
                                              **United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.011