UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-150-TBR

ADAM B. SHOULTS,                                                              PLAINTIFF

v.

RANDY WHITE, ET AL.,                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment by Defendant's Randy White, Troy Belt, Brendan English, Jesse Coombs, James Smith, and Michael Pillion (collectively "Defendants"). Plaintiff Adam Shoults has not filed a response to the motion, and the time to do so has passed. Defendant's motion is ripe for review, and for the following reasons, it is GRANTED IN PART, and DENIED IN PART.

## BACKGROUND

Plaintiff is an inmate at Green River Correctional Complex. (DN 23). Plaintiff initiated this action on September 13, 2017, by filing a complaint against five KSP officials. On December 7, 2017, the court conducted its first screening of the complaint and directed Plaintiff to file an amended complaint to clarify in what capacities he sought to sue each Defendant and what claims he sought to bring against each Defendant (DN 9). Plaintiff filed an amended complaint on January 8, 2018 (DN 10). On January 31, 2018, the Court conducted its second screening based upon a combined reading of the original complaint and the amended complaint (DN 14). In its second screening, the Court dismissed Plaintiff's official-capacity claims for damages but allowed Plaintiffs official

capacity claims for injunctive relief to continue (DN 14 at 5). The Court was satisfied that Plaintiff intended to sue Defendants White, Belt, English, and Coombs in their individual capacities for failure to protect and retaliation and therefore allowed these claims to continue (DN 14 at 5).

In his complaints, Plaintiff alleges that the Defendants placed restraints on another inmate incorrectly so that the inmate would be able to free himself of the restraints and attack Plaintiff (DN 1 and 10). Furthermore, Plaintiff alleges that the Defendants' actions were in retaliation for a lawsuit that he had filed against the Defendants in Lyon County (DN 1 and 10). Plaintiff also alleges that he was being kept in segregation by the Defendants in retaliation for the Lyon County complaint (DN 1 and 10). Plaintiff seeks compensatory damages and injunctive relief in the form of release from segregation.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989). The test is whether the party bearing

the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir.1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. See *id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir.1996).

### DISCUSSION

**(a) Abandonment of Claims**

Defendants argue that several of Plaintiff's claims should be dismissed because, although Plaintiff did raise them in his original complaint, he did not assert them in his amended complaint. The Court will not dismiss any of these claims on the theory that Plaintiff has abandoned them. Instead, the Court will engage in a combined reading of Plaintiff's complaint and amended complaint to determine whether defendant has established the absence of a dispute of material fact. A combined reading of the complaints is consistent with the maxim that complaints filed by *pro se* parties are to be liberally construed and is a regular practice in the Western District of Kentucky. *See* (DN 14); *Daugherty v. K.S.P. Medical Department, et al*, No. 5:17-CV-P41-TBR, 2017 WL 2910610 (W.D. Ky. 2017); *Martinez v. Bolton*, No. 3:17-CV-P265-DJH, 2017 WL 2989185 (W.D. Ky 2017); *Downer v. Bolton*, No. 3:17-CV-P341-CRS, 2017 WL 3485009 (W.D. Ky 2017).

Therefore, the Court exercises its discretion to read the Plaintiff's complaint and amended complaint together in deciding Defendant's motion.

### (b) Failure to Exhaust Administrative Remedies

Defendants argue that they are entitled to judgement as a matter of law because Plaintiff has failed to exhaust the administrative remedies that were available to him. The Court will grant the motion for summary judgment on the segregation claims and all claims against Randy White, Troy Belt, Jesse Coombs, James Smith, and Michael Pillion. The Prison Litigation Reform Act (PLRA) bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. at 211, 127 S. Ct. 910 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether the allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. 199, 218-19, 127 S. Ct. 910. (2007) "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006). Importantly, however, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the

defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204, 127 S. Ct. 910 (2007)). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Risher v. Lappin* 639 F.3d 236, 240 (6th Cir. 2011) (citing Fed. R. Civ. P. 56(a)).

In this case, Plaintiff did not file a grievance stating that he was placed in segregation for any protected conduct in 2016 or 2017. (DN 21-1). Because Plaintiff did not file a grievance regarding the segregation, Plaintiff failed to comply with Corrections Policy & Procedure ("CPP") 14.6(II)(J)(1) and therefore has failed to exhaust the administrative remedies available to him. Defendant has established the absence of a genuine dispute of material fact regarding non-exhaustion and therefore Defendants' motion for summary judgment for failure to exhaust administrative remedies is GRANTED as to Plaintiff's claim that he was kept in segregation in retaliation for engaging in protected conduct.

Plaintiff did, however, file a grievance related to the alleged attack. (DN 1-2). But the only Defendant that Plaintiff names in his grievance is English. (*Id.*; DN 21-1). The CPP requires the grievant to "include all aspects of the issue and *identify all individuals* in the "Brief Statement of the Problem" section. (DN 21-2 at 8) (emphasis added). Failing to name White, Belt, Coombs, Smith, and Pillion in the grievance has prevented them from addressing any potential claims against them within the appropriate administrative process. *See Brock v. Wright*, No. 4:15-CV-P65-JHM, 2017 WL 812467, *6-7 (W.D. Ky Mar. 1, 2017). Plaintiff's failure to include the names of all Defendants except for English in his grievance has denied the Defendants of the notice the

CPP intends to provide for administrative resolution. *Id.* at *7. Because Defendants have established the absence of a genuine dispute of material fact regarding Plaintiff's failure to name Randy White, Troy Belt, Jesse Coombs, James Smith, and Michael Pillion in his grievance, the Defendants' motion for summary judgment of all claims involving the defendants who are not named in the grievance is GRANTED.

### (c) Retaliation

Because the Court is dismissing all claims against White, Belt, Coombs, Smith, and Pillion for failure to exhaust administrative remedies, the Court will only address Plaintiff's retaliation claim as it applies to English.

"In a retaliation claim . . . the harm suffered is the adverse consequences which flow from the inmate's constitutionally protected action. Instead of being *denied* access to the courts, the prisoner is penalized for actually exercising that right." *Thaddeus-X v. Blatter*, 174 F.3d 378, 394 (6th Cir. 1999) (en banc) (emphasis in original).

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Id*.

Plaintiff claims that the reason English improperly restrained inmate Casey was in retaliation for a lawsuit that Plaintiff filed in "Lyon County Courthouse" against "warden – Randy White, LT. Terry Peede, Deputy warden – steven ford, Unit Administrator Troy Belt, unit Administrator Michael Spindler, sgt. Jesse coombs, LT. SAmantha Paris, and Tonya Gray." (DN 1 at 4). English argues that because he is not named in the Lyon County lawsuit, that Plaintiff has failed to allege any retaliatory motive. (DN 21 at 15). In other words, English suggests that it is necessary for him to have been named in the Lyon County lawsuit to have retaliatory motive. But it is also possible that English may have improperly restrained Casey in retaliation for Plaintiff's lawsuit against his co-workers. It is not necessary to be named in a lawsuit or grievance to satisfy the retaliatory motive requirement. All that is required for a retaliation claim is that English engaged in an adverse action against Plaintiff that is motivated at least in part by the Plaintiff's protected conduct.

In this case, however, Plaintiff has failed to assert any facts related to the causation element. The Sixth Circuit has held that where a plaintiff "did not plead any facts, as opposed to unsupported conclusions, connecting the misconduct charge with his grievance," the "retaliation claims were properly dismissed for lack of causal connection." *Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *4 (6th Cir. Nov. 9, 2017). In his complaint, Plaintiff Shoults merely asserts that English's actions were retaliatory in nature but does not offer a fact to support that conclusion.

In some instances, the temporal proximity between protected conduct and the adverse action is "enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation" but only if "an adverse. . . action occurs very close in time after" the defendant

learns of the protected activity. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008). The Sixth Circuit has held that a temporal proximity of "two to five months" between protected conduct and adverse action is insufficient to satisfy the causation element on its own. *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999). In this case, Plaintiff asserts that he engaged in the protected conduct of filing the Lyon County lawsuit on May 11, 2017 and that he was attacked by Casey on August 2, 2017. (DN10 at 3; DN 1 at 4). Therefore, there were approximately three months between Plaintiff's protected conduct and the alleged adverse action. This temporal proximity, on its own, is insufficient to create a genuine dispute of material fact regarding the causation element of Plaintiff's retaliation claim. Because Plaintiff has failed to allege any facts to prove the causation element and because the temporal proximity between the Plaintiff's protected conduct and the adverse action is tenuous, English's motion for summary judgment is GRANTED regarding Plaintiff's retaliation claim.

### (d) Failure to Protect

Because the Court is dismissing all claims against White, Belt, Coombs, Smith, and Pillion for failure to exhaust administrative remedies, the Court will only address Plaintiff's failure to protect claim as it applies to English.

The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). However, not "every injury suffered by one prisoner at the hands of

another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth Amendment claim based on a failure to prevent harm, an inmate must allege both an objective and subjective component. *Id*. With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to allege that the defendant acted with "deliberate indifference" to that risk. *Id*. "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 Fed.Appx. 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

English argues that Plaintiff has failed to set forth facts that are sufficient to allege both the objective and subjective components of the failure to protect claim. (DN 21 at 12-13). However, English has failed to meet his burden of proving that there is no genuine dispute of material fact. In his complaint, Plaintiff alleges that English "set up an inmate to get physical with [Plaintiff]." (DN 10). Also, Plaintiff alleges that English knew where Plaintiff would be at the time of the attack and that English improperly applied the restraints "to cause [Plaintiff] great Danger." (DN 1-2). Finally, Plaintiff claims that inmate Casey "was not placed in his restraints currently *AND WAZ giving the go* and hit [Plaintiff] several times with a closed fist." (DN 10) (emphasis added).

Reading the above facts in the light most favorable to the non-movant, there is a genuine dispute of material fact regarding both the subjective and objective components of the failure to protect

claim. First, there is a dispute regarding the objective component because Plaintiff claims English purposefully placed inmate Casey in his restraints in a manner that would allow Casey to escape and attack Plaintiff. Second, there is a dispute regarding the subjective component because Plaintiff claims that the whole incident was set up by English to put Plaintiff into harm's way and specifically that Casey "WAZ giving the go" to attack Plaintiff by English at the time the restraints were placed on Casey. (DN 10 at 4). Therefore, Plaintiff has alleged that English knew of the danger, and that English acted at least with deliberate indifference. Because English has failed to meet his burden under the summary judgment standard of proving that there is no genuine issue of material fact regarding the failure to protect claim, English's motion for summary judgment is **DENIED** in part.

## CONCLUSION

For the foregoing reasons **IT IS HEREBY ORDERED**: Defendants' Motion for Summary Judgment (DN 21), is **GRANTED IN PART** and **DENIED IN PART**.

All of Plaintiff's claims against Randy White, Troy Belt, Jesse Coombs, James Smith, and Michael Pillion are **DISMISSED WITH PREJUDICE**.

Plaintiff's Retaliation claim against Brendan English is **DISMISSED WITH PREJUDICE.**

Only Plaintiff's claim against Brendan English for Failure to Protect shall be allowed to proceed.

This matter is scheduled for a **telephonic scheduling conference** on **October 16, 2018 at 10:00 AM (CT).** The conference will be held telephonically. Counsel and plaintiff must call **1-877-848-7030** then give the **Access Code 2523122 and #, then when prompted press # again** to join the call. (Docket #22 **granted**)

**IT IS SO ORDERED.**

cc: Counsel of Record

cc:

Adam Shoults # 247641
Green River Correctional Complex
1200 River Road
Central City, KY 42330